FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

2017 JAN 30 PM 2: 11

| Latifah Banks | |
|---|---|
| Plaintiff(s), | **Civil Action No:**<br>3:17-cv-116-J-25PDB<br>**COMPLAINT** |
| -v.- | |
| Financial Business and Consumer Solutions, Inc.<br>d/b/a/ FBCS, INC. | |
| Defendant. | |

Plaintiff Latifah Banks ("Plaintiff" or "Banks") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc., ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Florida, County of Duval, residing at 6057 Maggies Circle, Unit 108, Jacksonville, FL 32244.

3. Defendant is a debt collector with a mailing address of 330 S. Warminster Rd., Suite 353, Hatboro, PA 19040.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around March 10, 2016, Defendant sent a collection letter to Plaintiff.

11. In the first paragraph of the letter Defendant states the "Account Balance on the Alleged Debt is $13,429.23 (may include interest and fees)."

12. This language is misleading and deceptive because it does not set forth the principal balance of the Alleged Debt and what portion is collection fees and interest.

13. Defendant's letter fails to state whether or not interest and fees will continue to accrue. The failure to explicitly state so would lead one to imply that interest and fees will continue to accrue until the debt is settled. However, if that is the case, that interest and fees will continue to accrue during the collection process, the collection letter must explicitly state so accordingly.

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> ***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.*** We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)

Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

14. Furthermore, if the account is including interest and fees, the balance claimed due and owing in the collection letter may not be the amount due at the time of payment because of additional interest and fees applied to the account.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692g.

18. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

19.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Latifah Banks demands judgment from Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 19, 2017

                                                            /s/ Michael Jay Ringelheim
**RC Law Group, PLLC**
By: Michael Jay Ringelheim, Esq.
Florida Bar No.: 93291
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 Ext. 254
Fax: 201.282.6501
mjringelheim@rclawgroup.com